## BURNETT v. STATE OF INDIANA.

[No. 24,914.    Filed February 17, 1926.    Rehearing denied June 1, 1926.]

1. CRIMINAL LAW.—*Overruling motion to suppress evidence held harmless.*—Overruling a motion to suppress evidence because obtained without a search warrant is harmless error, if any, where none of such evidence was introduced.    p. 21.

2. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain a conviction for unlawfully transporting intoxicating liquor in an automobile.    p. 22.

From Marion Criminal Court (57,797); *James A. Collins,* Judge.

Lawrence Burnett was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Affirmed.*

*Asche & Spaan* and *George C. Rinier,* for appellant.
*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was charged with the unlawful transportation of intoxicating liquor. The charging part of the affidavit is as follows:    "That Lawrence Burnett on the 2nd day of November, 1924, at and in the county of Marion, State of Indiana, did then and there unlawfully, knowingly and feloniously transport intoxicating liquor in an automobile, within the county of Marion and State of Indiana, in violation of the laws of this state."

The trial was by he court without a jury and resulted in a finding of guilty, upon which judgment was rendered. The appellant appeals and the only error assigned is that the court erred in overruling appellant's motion for a new trial.

The motion for a new trial is not set out in appellant's brief, but under the heading of "Points and Authorities," appellant says that the first point

1. relied on for reversal is that the court erred in overruling the motion for a new trial on the ground that the court erred in overruling appellant's motion to suppress evidence. In his motion to suppress evidence, appellant says that, at the time of his arrest, "the officers who arrested him did not have a search warrant for the search of his automobile, and notwithstanding such facts, the officers placed him under arrest without any affidavit of arrest or for the search of his automobile being on file; that a small amount of intoxicating liquor was seized and will be used as evidence against him unless suppressed by the court." This is the only reason stated in the motion for suppressing the evidence. On the trial of the case, no intoxicating liquor was introduced or offered in evidence by the state or anyone else. The overruling of his motion to suppress evidence could not have harmed appellant.

The other reasons alleged in appellant's motion for a new trial are that the finding of the court is contrary to law and that the finding of the court is not sustained by sufficient evidence. It is not pointed out by the appellant in what particular the evidence is insufficient or in what particular the verdict or finding of the court was contrary to law.

He further says that, "it is apparent from the record that the appellant not having entered a plea to the affidavit and a plea of not guilty in his behalf not hav-

ing been entered by the court before the trial or at any time during the trial, there was no issue in the case and it follows that there was nothing to try or upon which to rest a verdict." But, from a return to a writ of certiorari, we learn that the following entry appears on record: "defendant by counsel waives arraignment and pleads not guilty."

The following evidence was given in said cause without any objection or exception by the defendant and is not .contradicted by any other evidence: A witness on behalf of the state testified: "I am lieutenant of police in the police department of the city. I arrested the defendant, Lawrence Burnett, on October 31, 1924, at 9:30 p.m. at 4800 Massachusetts avenue. He was in an automobile. He drove out Massachusetts avenue to 4800 address and drove in the driveway to the garage. Vida Steadman lived at that address. She is the same Vida Steadman that is under indictment in this court for transporting liquor. He got out of the car and when he got out of the car there was a five gallon tin container of grain alcohol sitting in the car. When I placed him under arrest, I took the five gallon container out and smelled it. It was grain alcohol. There was a lady, in the car with him who, he said, was his wife. He said, 'Are you going to arrest my wife?' He said, 'If you will not arrest my wife, I will tell you who I am going to make this delivery to.' I said, 'She will not be arrested.' He said, 'I will have to see her going home before I tell you.' After he was taken to police headquarters, we sent his wife in too, and officers Winkler, Moore and I went in. I told him his brother was coming to take his wife home. He said he was making the delivery to Vida Steadman at that address and it was grain alcohol. I had no search warrant when I searched the car."

Another witness testified: "I am a Federal Prohibition Agent. I was present at the time Lawrence Burnett was arresed. He was arrested at what is known as 4800 Pendleton Pike, Marion county. We talked to him at that time and later at the police station. We asked him who he was taking the liquor to. He asked to let his wife go. She was in the car. Later we permitted her to go home. I saw the liquor taken from the automobile, a five gallon tin container with grain alcohol. Vida Steadman is the woman who lives at No. 4800. She was an informant for the Federal government. Lawrence Burnett's name was in the car. I saw Lieutenant Jones place Burnett under arrest when he got out of the machine. He was arrested before the search was made."

The finding of the court is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.